IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. _____

RONALD A. SMITH,

    Plaintiff,

v.

MR. MUNCH FT. LAUDERDALE, INC,
a Florida Corporation, and ADAM SIEGEL
and JESSICA LEHRER

    Defendant.
_____|

## COMPLAINT

COMES NOW, Plaintiff, RONALD SMITH ("SMITH") and files this Complaint and sues Defendant, MR. MUNCH, a Florida corporation ("MR. MUNCH") and ADAM SIEGEL ("SIEGEL") and JESSICA LEHRER ("LEHRER") for disability discrimination/failure to accommodate under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq. ("ADA"), and the Florida Civil Rights Act of 1992, Fla. Stat. Chap. 760.01, et seq. ("FCRA") and the Fair Labor Standards Act ("FLSA") 29 U.S.C. §201 et seq. and the Florida Minimum Wage Act ("FMWA") Fla. Stat. Chap. 448 , in support, he alleges as follows:

## JURISDICTION & VENUE

1.     This is an action brought to remedy unlawful employment practices by the Defendants pursuant to the Americans with Disabilities Act (hereinafter "ADA").

2.     This is also an action brought for unpaid minimum wages under the Fair Labor Standards Act as amended, 29 U.S.C. §201 et. seq (hereinafter "FLSA") and the Florida Minimum Wage Act (hereinafter "FMWA") Florida Statute Ch. 448.

1

3.	This court has federal question jurisdiction and supplementary jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1343 and 42 U.S. C. §12117 and 29 U.S.C. §216(b) and 28 U.S.C. §1331.

4.	At all times material hereto, SMITH is *sui juris* and is a resident of Broward County, Florida and was employed by the Defendants.

5.	MR. MUNCH is a Florida corporation and employed Plaintiff in this judicial district and continues to do business herein. Mr. Munch is located in Pompano Beach, Broward County Florida.

6.	Defendant, SIEGEL was a supervisor and owner who was involved in the day-today operation and/or was directly responsible for the supervision of SMITH. Therefore he is personally liable for the FLSA and FMWA violations.

7.	Defendant, LEHRER was a supervisor and owner who was involved in the day-today operation and/or was directly responsible for the supervision of SMITH. Therefore she is personally liable for the FLSA and FMWA violations.

8.	SMITH worked for MR. MUNCH or related/affiliated businesses as a delivery person for over twenty (20) years. SMITH worked for Defendants until September 13, 2019 when he was suddenly terminated.

9.	All actions relevant to this Complaint occurred in this jurisdiction.

## CONDITIONS PRECEDENT

10.	SMITH filed a Charge of Discrimination with the Florida Commission on Human Relations and U.S. Equal Employment Opportunity Commission (EEOC). The

FCHR issued a Notice of Rights (attached as Exhibit "A") on September 17th, 2020.  This lawsuit is timely filed.

11.	On or about August 26, 2020, a demand letter was sent to Defendants pursuant to the FMWA.  A copy of the demand letter is attached as Exhibit "B".

12.	All conditions precedent have been satisfied or have been waived.

## FACTUAL ALLEGATIONS

13.	SMITH began his employment with MR. MUNCH approximately twenty (20) years ago.  SMITH was hired as a delivery person for catered products which were provided to clients of MR. MUNCH.  Over the years the name of the Defendant corporation has changed, but SMITH continued in his role as delivery person.

14.	At all relevant times, SMITH was a delivery person and an hourly exempt employee.

15.	During his employment with Defendants, SMITH performed the duties that were assigned to him.  These duties included but were not limited to:  delivery of food and catering supplies to customers, drive the delivery van, pick up supplies from suppliers, maintenance of the van, looking for new customers and distribution of flyers to potential customers.

16.	During his employment, at MR. MUNCH,  SMITH performed his job competently for over twenty years and only received positive feedback.

17.	MR. MUNCH is an "employer" within the meaning of the ADA and FCRA.

18.	Sometime in 2018, SMITH was diagnosed with a hernia that is located near his bowel.  On more than one occasion, SMITH notified members of management, including

SIEGEL, of his medical condition.  SMITH is disabled as defined within the meaning of the ADA and Florida Statutes.

19. SMITH requested an accommodation not to be required to lift heavy objects and delivery boxes for clients.  On more than one occasion, SMITH requested that fewer items be placed in the boxes so that he could lift them out of the vehicle and set-up the catering food and equipment at the customer's location.  SMITH was willing and able to continue to perform as a delivery person, but requested that more boxes be packed with fewer items to allow him to carry the food and equipment without his hernia "popping out".

20. SMITH made his request for an accommodation not only to members of management but also to co-workers that were responsible for packing the boxes for delivery.  SMITH's request was ongoing and continual.  His request for lighter boxes was not always accommodated.  Many times his request for an accommodation was ignored and the boxes were too heavy for him to lift without serious medical ramifications.

21. Defendants knew or had reason to know that SMITH was an employee who was entitled to reasonable accommodation for his disability.

22. In the Spring of 2019, SMITH encountered a major problem with the boxes being packed too full and too heavy as his request for an accommodation was ignored.  SMITH works alone and does not have a helper or co-worker with him when he make deliveries. When SMITH lifts something too heavy it causes his hernia to pop out and press against his bowels and causes diarrhea.

23. On this particular occasion in the Spring of 2019, the boxes were too heavy and upon lifting them, his hernia popped out and pressed against his bowels.  He ran to the facility

bathroom, but it was too late. The customer provided SMITH with new clothes to wear back to Mr. Munch and were very concerned about him.

24. Upon his return to Mr. Munch, comments from members of management and co-workers were made to SMITH. Comments such as " did you s—t yourself" and laughter were heard. It was quite embarrassing. During the course of the next several weeks inappropriate jokes were made about SMITH's "accident" and someone placed "depends" in his vehicle.

25. The final episode and the day of the sudden termination occurred on September 13, 2019. In the morning, SMITH advised management that one of the tires on the van needed to be replaced. One of the supervisors, Juan changed the tire and told me to take the bad tire and jack to the back. SMITH reminded Juan that he could not lift anything heavy and Ron was told to "just do it". As a result of lifting the heavy tire and jack SMITH'S hernia popped out. SMITH was then instructed to take the tire to Walmart, to see if it was still under warranty. When SMITH returned to MR. MUNCH the van was being loaded with the food and boxes and SMITH requested that more boxes be used and put fewer items in the boxes so that SMITH could lift them by myself. For example SMITH would ask that 4 boxes be used instead of two. This did not happen, SMITH'S request was denied.

26. Smith then drove the delivery van to the customer's location in Hollywood. After unloading the heavy boxes SMITH needed to use the bathroom. SMITH cleaned up the bathroom as best that he could and advised the people of what happened and apologized.

27. By the time SMITH returned to MR. MUNCH the owners and employees were aware of what had happened. SMITH was confronted by SIEGEL and LEHRER, both members of management. SMITH was told to go outside and then was told they were losing customers

and they couldn't have it happen.  SMITH attempted to explain and that is when SMITH was fired.

28.     As a result of MR. MUNCH's unjust, unlawful and wrongful treatment of SMITH, he has retained the undersigned law firm and they are entitled to reasonable attorneys' fees and costs.

## COUNT I: DISCRIMINATION IN VIOLATION OF ADA

29.     At all relevant times, SMITH was a qualified individual with a disability, or alternatively, was perceived by MR. MUNCH as being disabled.

30.     SMITH requested reasonable job accommodations from MR. MUNCH in light of his disability.

31.     MR. MUNCH refused to accommodate his disability.

32.     MR. MUNCH terminated SMITH's employment.

33.     As a direct and proximate result of the intentional violations of the ADA by MR. MUNCH, SMITH has been injured.  His injuries include, but are not limited to, back pay, front pay, compensatory damages, and humiliation.

34.     MR. MUNCH's violation of the anti-discriminatory provisions of the ADA was willful and in direct contravention of the ADA.

WHEREFORE, as to Count I, RONALD SMITH respectfully requests that this Court award him back pay, front pay, compensatory damages, punitive damages, interest, attorneys' fees, costs and any other such relief this Court deems just and equitable.

## COUNT II: DISCRIMINATION IN VIOLATION OF FCRA

35.     SMITH re-adopts, incorporates by reference, and re-alleges Paragraphs 1, 3-10 and 12-28, as though fully set forth herein.

36. At all relevant times, SMITH was a qualified individual with a disability, or alternatively, was perceived by MR. MUNCH as being disabled.

37. SMITH requested reasonable job accommodations from MR. MUNCH in light of his disability.

38. MR. MUNCH refused to accommodate his disability.

39. MR. MUNCH terminated SMITH's employment.

40. As a direct and proximate result of the intentional violations of the FCRA by MR. MUNCH, SMITH has been injured. His injuries include, but are not limited to, back pay, front pay, compensatory damages, and humiliation.

41. MR. MUNCH's violation of the anti-discriminatory provisions of the FCRA was willful and in direct contravention of the FCRA.

WHEREFORE, as to Count II, RONALD SMITH respectfully requests that this Court award him back pay, front pay, compensatory damages, **benefits**, punitive damages, interest, attorneys' fees, costs and any other such relief this Court deems just and equitable.

### COUNT III – VIOLATION OF FLSA UNPAID MINIMUM WAGES

41. SMITH re-adopts, incorporates by reference, and re-alleges Paragraphs 2, 11-16, as though fully set forth herein.

42. At all times pertinent to this Complaint, the corporate Defendant, Mr. Munch was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, the corporate Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r)§ and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

43. The defendants operated a restaurant that provided catering and delivery services. The Plaintiff's work involved handling on a regular basis "goods" and materials", as defined by the FLSA, which were used commercially in Defendants'' business, and moved in interstate commerce when deliveries were made to customers by Plaintiff.

44. Upon information and belief, during the relevant time period, the Defendants had an annual grow volume of sales made or business done of not less than $500,000.00

45. The Defendants are subject to the jurisdiction of this court because they engage in and conduct substantial activity within the Southern district of Florida.

46. Mr. Munch is located in Pompano Beach, Broward County Florida.

47 At all times material hereto, Defendants knowingly and willfully failed to pay SMITH, his lawfully earned wages in conformance with the FLSA and FMWA.

48. At all time material hereto, the corporate Defendant, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

49. At all times material hereto, the work performed by SMITH as a delivery person, was directly essential to the business performed by Defendants.

50. Plaintiff was employed as a delivery person at Mr. Munch for approximately twenty (20) years until his termination on September 13, 2019 .

51. On or about August 15, 2017 Plaintiff was forced to sign an employment agreement. A copy of the employment agreement is attached hereto and incorporated herein as Exhibit "C". The agreement states that the effective date is 9/01/2016.

52. According to the Agreement Plaintiff was paid $5.33 an hour. The federal minimum wage was $7.25 and the Florida minimum wage in 2016 was $8.05 per hour, $8.10 in 2017, $8.25 in 2018 and minimum wage was $8.46 in 2019.

53. Defendants paid SMITH below minimum wage for all hours he worked.

54. Defendants unlawfully availed themselves to an FLSA "tip credit"

55. Defendants knowingly, maliciously and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff.

56. Defendants, SIEGEL and LEHRER was directly involved in decisions affecting employee compensation and/or hours worked by SMITH.

57. The Plaintiff has retained Kimberly A. Gilmour, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its service.

58. Plaintiff's employment with Defendants consisted of working each week and to be compensated at or above the FLSA minimum wage.

59. 29 U.S.C. §206 and requires that any employee covered by the FLSA be paid their minimum wages.

60. Defendants unlawfully availed themselves of the FLSA "tip credit" and failed to satisfy all conditions precedent for taking a tip credit against Plaintiff's wages.

61. Plaintiff was paid below the minimum wage for his work hours.

62. The Defendants acted willfully.

63. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests judgment in his favor for unpaid minimum wages, liquidated damages, attorneys' fees and costs pursuant to the FLDA, post-judgment interest, and all other relief this Court deems just and proper.

**COUNT IV VIOLATION OF THE FLORIDA MINIMUM WAGE ACT**

64. Plaintiff realleges Paragraphs 2, 11-16 and 42- 63 of this Complaint as if fully set forth herein.

65. Pursuant to the Florida Statute §448.101 Defendants were required to pay Plaintiff at least the Florida minimum wage each year.

66. During Plaintiff's employment, Defendants paid him less than the statutory minimum wage for all hours worked. According to the Agreement, Exhibit "C", he was paid $5.33 an hour for some of the years he worked for Defendants. Plaintiff does not know the exact amount of wages owed as he does not have time and payroll records which are in the possession of Defendants.

67. The Defendants acted willfully.

68. Prior to this lawsuit being filed a demand letter dated August 26, 2020 was sent to Defendants, pursuant to the Florida Statutes. A copy is attached hereto as Exhibit " B".

WHEREFORE, Plaintiff respectfully requests judgment in his favor for unpaid minimum wages, liquidated damages, attorneys' fees and costs pursuant to the FMWA, post-judgment interest, and all other relief this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, RONALD A. SMITH, demands a trial by jury on all issues so triable.

Respectfully submitted,

Kimberly A. Gilmour, P.A.
Counsel for Plaintiff
4179 Davie Road, Suite 101
Fort Lauderdale, Florida 33314
Gilmourlaw@aol.com
Telephone:   954 584 6460
Facsimile:   954 584 3552
By: s/Kimberly A. Gilmour
     Kimberly A. Gilmour, Esq.
     Florida Bar No. 0475629